UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **GROMYKA THOMPSON** | **CASE NO. 5:24-CV-00200** |
| **VERSUS** | **JUDGE EDWARDS** |
| **HAYNES INTERNATIONAL INC** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Dismiss filed by Haynes International, Inc.[1] Plaintiff Gromyka Thompson ("Thompson"), appearing *pro se*, opposes the motion.[2]

### I. BACKGROUND

Thompson filed a Complaint against her former employer, Haynes International, Inc. ("Haynes"), alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*.[3] Specifically, Thompson asserts that she was subject to a hostile work environment and that Haynes' Human Resources Department failed to address her concerns.[4] Thompson alleges that her chair was filled with sardines and a noose was placed in her work area.[5] Thompson alleges that she reported the incident on "numerous occasions" and nothing was done to address the harassment.[6]

Thompson asserts that she notified a corporate officer, Scott Pickerman ("Pickerman"), of the harassment during a corporate site visit to her location.[7] According to Thompson, Pickerman

---

[1] R. Doc. 6.
[2] R. Doc. 9.
[3] R. Doc. 1.
[4] R. Doc. 1, p.1.
[5] R. Doc. 1, p.1.
[6] R. Doc. 1, p.1.
[7] R. Doc. 1, p.1.

assured her that he would send out letters regarding harassment in the workplace. Thompson alleges that these letters were never sent.[8] Thompson alleges that, about two weeks after Pickerman's visit, one of her coworkers "threatened" her.[9] Thompson alleges that she instantly reported the threat but was "sent home" and terminated.[10] In her Complaint, Thompson alleges that she was terminated in retaliation for reporting the harassment she allegedly sustained during her employment.[11]

Thompson filed suit on February 8, 2024.[12] The Clerk of Court issued a Summons for Haynes on February 15, 2024.[13] The Summons did not include an address for Haynes. On March 22, 2024, Thompson mailed the Summons and Complaint via certified mail to Haynes' International Headquarters at 1020 W. Park Ave., Kokomo, Indiana, 46901.[14]

Haynes now moves to dismiss Thompson's claims for insufficient process and insufficient service of process.[15] Haynes asserts that the Louisiana Code of Civil Procedure governs Thompson's service of Haynes, pursuant to Fed. R. Civ. P. 4(h)(1) ("Rule 4").[16] Haynes asserts that, under La. Code Civ. P. art. 1261(A), it must be served through its registered agent for service of process in Louisiana – CT Corporation System in Baton Rouge – and Thompson's attempted service on Haynes through its headquarters in Kokomo, Indiana is improper.[17]

---

[8] R. Doc. 1, p.1.
[9] R. Doc. 1, p.1.
[10] R. Doc 1, p.1.
[11] R. Doc. 1, p.1.
[12] R. Doc. 1.
[13] R. Doc. 4.
[14] R. Doc. 6-2, p,1.
[15] *See* Fed. R. Civ. P. 12(b)(4), 12(b)(5).
[16] R. Doc. 6-1, p.2; *see also* Fed. R. Civ. P. 4 *et seq*.
[17] R. Doc. 6-1, p.2-3; *see also* La. Code Civ. P. art. 1261(A) ("Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process").

In her opposition, Thompson highlights the fact that she is a *pro se* litigant and asks the Court to excuse her defective service.[18] Specifically, Thompson asserts that Haynes' receipt of the Summons and Complaint by its General Counsel, Angela Kohlheim, satisfies Rule 4 and shows that Haynes has notice of her claims and was not prejudiced by ineffective service.[19] Alternatively, Thompson asks for thirty (30) days to reattempt proper service on CT Corporation System.[20] Thompson asserts that she has shown "good cause" for an extension, as required by Rule 4(m), because she did not know the Rule 4 requirements as a *pro se* litigant and acted in good faith to attempt service.[21]

## II.  LAW

"Federal Rule of Civil Procedure 12(b)(4) allows a defendant to move for dismissal based on insufficient process. A Rule 12(b)(4) motion is proper only to challenge non-compliance with the provisions of Federal Rule of Civil Procedure 4(b) or any applicable provision incorporated by Rule 4(b) dealing specifically with the *contents* of the summons." *White v. Claiborne Electric Cooperative, Inc.*, No. 24-CV-0590, 2025 WL 562726, at *2 (W.D. La. February 20, 2025) (*emphasis* included in original). Here, Haynes raises both Rules 12(b)(4) and 12(b)(5) in its motion. However, Haynes does not offer an argument as to why the *contents* of the service is insufficient under Rule 12(b)(4). Thus, the Court considers Haynes' arguments pursuant to Rule 12(b)(5). *See Id.*

"[A] Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. App'x 688, 692 (5th Cir.

---

[18] R. Doc. 9, p.1-2.
[19] R. Doc. 9.
[20] R. Doc. 9, p.1-2.
[21] R. Doc. 9, p.2-3; *see also* Fed. R. Civ. P. 4(m) ("…if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3D § 1353) (internal quotations omitted). When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-cv-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, No. 19-cv-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019) (citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Naranjo v. Universal Sur. of Am.*, 679 F.Supp.2d. 787, 795 (S.D. Tex. 2010).

"[N]otwithstanding the importance of proper service, the U.S. Court of Appeals for the Fifth Circuit has held that 'the district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process.'" *Smith v. Women's Hosp.*, 2015 WL 2357127 at *3 (M.D. La. May 14, 2015) (quoting *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986) and citing *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994)). "When a court finds that service is insufficient, but the insufficiency is curable, 'it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Id.* (quoting *Albo v. Suzuki Motor Corp.*, 2008 WL 2783508 at *1 (W.D. Tex. July 2, 2008)).

III.    ANALYSIS

Haynes correctly states that service of process for corporations is governed by Rule 4(h)(1). Rule 4(h)(1) permits service on a corporation (1) by following the laws of the state where the district court is located or where service is made; or (2) by delivering a copy of the summons and

complaint to an officer, managing or general agent, or other agent authorized by appointment or law to receive service.

It is undisputed that, pursuant to La. Code Civ. P. art. 1261(A), Haynes may be served through its designated agent for service of process in Louisiana – CT Corporation System, located in Baton Rouge.[22] Further, it is uncontested that Thompson's Summons and Complaint were mailed to Haynes' International Headquarters in Indiana; not to CT Corporation System in Louisiana.[23]

Thompson concedes that she did not serve CT Corporation System, but she asserts that this Court should nonetheless accept her service as proper because Angela Kohlheim, Haynes' General Counsel, ultimately received her Summons and Complaint.[24] Thompson asks this Court to interpret Rule 4 broadly and consider Ms. Kohlheim to be "an officer, managing [agent] or general agent" for Rule 4(h)(1)(B) purposes. However, as Haynes argues, Thompson's service was ineffective because it was not *delivered to* "an officer, managing [agent] or general agent," or another authorized agent as required by Rule 4(h)(1)(B). Instead, Thompson's Summons and Complaint were delivered to Haynes' mail department personnel; employees who are not authorized to receive Thompson's service.[25]

The Court cannot construe Rule 4 as liberally as Thompson requests. Thompson failed to properly serve Haynes as required under Rule 4(h)(1), and her service was therefore ineffective.

---

[22] R. Doc. 6-3, 6-4; *see also* R. Doc. 9. Thompson offers to properly effect service on CT Corporation System in her opposition.
[23] R. Doc. 6-2.
[24] R. Doc. 9, p.2.
[25] R. Doc. 6-4.

The Fifth Circuit has held that "the district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[26] Here, given Thompson's *pro se* status and good faith attempt in notifying Haynes of the instant suit, the Court exercises its broad discretion to grant Thompson a second opportunity to properly effect service on Haynes.[27] Thompson's service would have been proper had it been sent to CT Corporation System, thus the Court considers Thompson's insufficient service to be curable upon mailing the Summons and Complaint to the proper registered agent for service of process. Accordingly, the Court exercises its discretion to grant Thompson an opportunity to re-serve Haynes.[28]

For the reasons stated above,

**IT IS HEREBY ORDERED** that the instant motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Thompson has twenty-one (21) days from the filing of this Order to effect service. Haynes may reurge its motion to dismiss if Thompson does not complete proper service within the 21-day timeframe.

**THUS DONE AND SIGNED** in Chambers this 4th day of June, 2025.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE

---

[26] *Smith v. Women's Hosp.*, 2015 WL 2357127 at *3 (M.D. La. May 14, 2015) (quoting *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986) and citing *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994)).
[27] *Id.*
[28] *Smith v. Women's Hosp.*, 2015 WL 2357127 at *3 (M.D. La. May 14, 2015) (quoting *Albo v. Suzuki Motor Corp.*, 2008 WL 2783508 at *1 (W.D. Tex. July 2, 2008)).